**Reinhardt Wendorf & Blanchfield**

Attorneys at Law

80 South Eighth Street | Suite 900
Minneapolis, Minnesota 55402
Office: (651) 287-2100
www.rwblawfirm.com

February 6, 2026

**VIA ECF**

Hon. Nancy E. Brasel
United States District Court
District of Minnesota
300 South Fourth Street
Minneapolis, MN 55415

> Re:   *Ranacis v. Cornell, et al., No. 25-cv-2743-NEB-SGE ("Ranacis Action")*
>
> *In re Target Corp. S'holder Deriv. Litig., No. 25-cv-4377-NEB-SGE ("Transferred Florida Derivative Action")*

Dear Judge Brasel:

We write on behalf of Plaintiffs in the *Transferred Florida Derivative Action* in response to Defendants' letter dated February 3, 2026 (*Ranacis Action*, ECF No. 77). [1] Defendants' letter mischaracterizes both the procedural posture of these actions and Plaintiffs' position concerning how to proceed. For the reasons set forth below, Plaintiffs respectfully urge the Court to follow the orderly process that Plaintiffs proposed rather than rule on the motions in the *Ranacis Action*, where the plaintiff has expressly stated he does not wish to proceed. Plaintiffs will file a motion to consolidate and appoint leadership for all pending derivative actions.

> ### I.   Plaintiffs Propose an Orderly Process for Consolidated Leadership

Contrary to Defendants' characterization, Plaintiffs proposed a straightforward and efficient path forward: appointment of co-lead counsel and lead plaintiffs in a consolidated Minnesota proceeding. This proposal, to which counsel in the *Ranacis Action* consented, would establish clear leadership to prosecute these derivative claims on behalf of Target Corporation. Such an approach is not only procedurally sound but also promotes judicial economy by avoiding the need to adjudicate contested motions in the *Ranacis Action*, where the nominal plaintiff seeks voluntary dismissal.

The appointment of leadership is a threshold matter that logically precedes any substantive motion practice. Once leadership is appointed, the properly authorized representatives of Target Corporation's interests can then engage in comprehensive briefing on all relevant issues, including but not limited to demand futility. This ensures that the Court benefits from full adversarial presentation of the issues by counsel who have been vetted and authorized to serve as fiduciaries for the Company and its shareholders.

---

[1] Portia E. McCollum, Ryan Murphy, and Chamandeep Kaur.

## II.     The Court Should Not Decide Contested Merits Issues in an Action the Plaintiff Does Not Wish to Prosecute

Defendants ask this Court to dismiss the *Ranacis Action* with prejudice on the merits. (*Ranacis* Action, ECF Nos. 33, 35, 54, 61). But Mr. Ranacis himself has moved for voluntary dismissal of his complaint, signaling that he does not wish to continue prosecuting this action. (*Ranacis* Action, ECF Nos. 49). Defendants opposed that motion and now seek an order dismissing the case with prejudice on substantive grounds. Defendants' procedural maneuvering is inappropriate.

When a plaintiff moves to voluntarily dismiss under Federal Rule of Civil Procedure 41(a)(2), the ordinary course is for the court to grant or deny that motion based on the factors governing voluntary dismissal, not to convert the proceeding into a vehicle for deciding contested merits questions over the objection of the party who filed the case. Defendants cite *Graham v. Mentor Worldwide LLC* and *Edwards v. Financial Recovery Services*, but those cases are inapposite. Both involved situations where a plaintiff failed to respond to dispositive arguments, not situations where a plaintiff affirmatively sought to exit the litigation through voluntary dismissal.

Deciding the demand futility issue on the merits in the *Ranacis Action* would be particularly inappropriate here because: (1) there is a parallel derivative action before this Court with engaged plaintiffs who are ready and willing to litigate these issues; and (2) Mr. Ranacis's counsel has represented that he does not wish to proceed. Adjudicating the merits under these circumstances would effectively force a plaintiff to litigate a case he has sought to abandon, which serves neither judicial economy nor fairness.

## III.     Defendants' Proposed Bifurcation Does Not Serve Judicial Economy

Defendants characterize Plaintiffs' refusal to bifurcate briefing as wasteful and contrary to the Company's interests. This misses the point. Plaintiffs believe that the proper sequence is: (1) appoint leadership; (2) allow appointed leadership to assess the litigation and file a Consolidated Amended Complaint; and (3) proceed with comprehensive motion practice under the supervision of duly authorized counsel.

Defendants' assertion that Plaintiffs' approach would "waste the Court's and the parties' resources" is unfounded. Appointing leadership is a modest procedural step that will take far less time and resources than the course Defendants propose. Which is to decide a contested merits motion in an action where the plaintiff is seeking voluntary dismissal, followed by renewed motion practice in the *Transferred Florida Derivative Action*. That approach creates unnecessary duplication and invites inconsistency.

Moreover, Defendants' invocation of Plaintiffs' "fiduciary relationship" with Target Corporation is misplaced. (ECF No. 77 at 1-2.) Plaintiffs take their fiduciary duties seriously, which is precisely why they have proposed an orderly process to ensure that the Company's interests are represented by properly appointed leadership rather than by a plaintiff who has affirmatively sought to exit the litigation, and that the claims which Plaintiffs are pursuing on the Company's behalf have a full and fair hearing.

## IV.    Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court: (1) grant Mr. Ranacis's motion for voluntary dismissal without prejudice; and (2) deny as moot Defendants' request to dismiss the *Ranacis Action*.  Plaintiffs in the *Transferred Florida Derivative Action* will promptly move to intervene and consolidate all the pending derivative matters so that the claims may proceed in an orderly manner. This approach will promote judicial economy, ensure proper representation of the Company's interests, and allow for full and fair adjudication of all issues by properly authorized counsel. We are available at the Court's convenience for a conference should the Court have any questions about this matter.

Respectfully submitted,

**OF COUNSEL:**

**RIGRODSKY LAW, P.A.**
Seth D. Rigrodsky
Vincent A. Licata
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
(516) 683-3516
sdr@rl-legal.com
vl@rl-legal.com
Counsel for Plaintiff Portia McCollum

**LEVI & KORSINSKY, LLP**
Gregory M. Nespole
Daniel Tepper
Correy A. Suk
33 Whitehall Street, 27th Floor
New York, NY 10004
(212) 363-7500
gnespole@zlk.com
dtepper@zlk.com
csuk@zlk.com
Counsel for Plaintiff Ryan Murphy

**GAINEY McKENNA & EGLESTON**
Thomas J. McKenna, Esq.
260 Madison Ave., 22nd Floor
New York, NY 10016
tjmckenna@gme-law.com
Counsel for Plaintiff Chamandeep Kaur

**GRABAR LAW OFFICE**
Joshua H. Grabar
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103

**REINHARDT WENDORF & BLANCHFIELD**

/s/ *Garrett D. Blanchfield*
Garrett D. Blanchfield
80 So. 8th Street, Suite 900
Minneapolis, MN 55402
(651) 287-2100
g.blanchfield@rwblawfirm.com

Counsel for Plaintiffs

Telephone: (267) 507-6085
Facsimile: (267) 507-6048
jgrabar@grabarlaw.com

Additional Counsel for Portia McCollum